T.C. Summary Opinion 2004-6


UNITED STATES TAX COURT


APRIL LENNETT WEBB-REED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15406-02S.            Filed January 22, 2004.


April Lennett Webb-Reed, pro se.

<u>Daniel N. Price</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 1999 a deficiency in petitioner's Federal income tax of $2,987.

The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions; (2) whether petitioner is entitled to earned income credits; (3) whether petitioner is entitled to head of household filing status; (4) whether petitioner is entitled to child tax credits; and, (5) whether petitioner is entitled to child care credits.

## Background

Some of the facts have been stipulated and are so found. The stipulations of facts and exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Austin, Texas.

Ms. Yolanda Hardeman is the mother of Eric Walker, Jr. (Eric), and Cassandra Hardeman (Cassandra). Petitioner is Ms. Hardeman's godmother and neighbor. There is no other relationship by birth or marriage between petitioner and Ms. Hardeman and her children.

Petitioner timely filed her electronic 1999 Federal income tax return as head of household and reported income of $26,358. Petitioner claimed dependency exemption deductions for Eric and Cassandra as well as several credits relating to the children. The return states that the children are petitioner's foster children.

Ms. Hardeman provided respondent with a written statement that petitioner was the guardian of the children. In that same statement, Ms. Hardeman admitted that the children's school records indicate that Ms. Hardeman is their mother and show her address as the children's address. Petitioner does not have any legal documents showing that she had legal guardianship of the children.

Petitioner, who resided in the home of her former husband's grandmother, did not provide any testimony or evidence regarding sums she may have spent to care for Eric and Cassandra. Additionally, petitioner was not employed from October 1999 through the end of the year because she had been injured.

Respondent issued a notice of deficiency determining that petitioner is not entitled to claim head of household filing status, the dependency exemption deductions, or any of the credits applicable to the children for 1999 because she failed to substantiate her claims.

## Discussion

Deductions are a matter of legislative grace, and taxpayers must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Taxpayers generally bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a);

_Welch v. Helvering_, 290 U.S. 111 (1933).  The Court decides this case without regard to the burden of proof.  Accordingly, the Court need not decide whether section 7491(a)(1) is applicable in this case.  See _Higbee v. Commissioner_, 116 T.C. 438 (2001).

1.  Dependency Exemption Deductions

Section 151(c) allows a taxpayer to deduct an exemption amount for each "dependent" as defined in section 152.  Section 152(a) defines a dependent to include an individual, other than a spouse, whose principal place of abode is the home of the taxpayer and who is a member of the taxpayer's household "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

For the purposes of section 152(a)(9), it is not necessary that the dependent be related to the taxpayer, but it is necessary that the taxpayer both maintain and occupy the household.  Sec. 1.152-1(b), Income Tax Regs.

To qualify for a dependency exemption deduction, a taxpayer must establish the total support cost expended on behalf of a claimed dependent from all sources for the year and demonstrate that she provided over half of this amount.  See _Archer v. Commissioner_, 73 T.C. 963, 967 (1980); _Blanco v. Commissioner_, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The total amount of support for each claimed dependent furnished by all sources during the year in issue must be established by competent evidence.  Blanco v. Commissioner, supra at 514; sec. 1.152-1(a)(1), Income Tax Regs.  The amount of support that the claimed dependent received from the taxpayer is compared to the total amount of support the claimed dependent received from all sources.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner claims that Eric lived with her for the entire year and Cassandra lived with her for 8 months during 1999. Petitioner also claims that she provided for their every need, including food, clothing, and shelter.  She also stated that she paid a babysitter to care for Eric all day and to provide after-school care for Cassandra.  Petitioner said she paid the babysitter in cash and did not receive any receipts documenting the payments.  Petitioner has provided no evidence at all regarding any amounts she may have expended to care for Eric or Cassandra.

The Court sustains respondent's determination that petitioner is not entitled to dependency exemption deductions for Eric and Cassandra in 1999.

## 2. Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. The credit is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Section 32(a)(2) and (b) limits the credit allowed based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

Petitioner claimed an earned income credit based on Eric and Cassandra as qualifying foster children. As relevant herein, section 32(c)(3)(B)(iii) defines an "eligible foster child" as an individual who is placed with the taxpayer by an authorized placement agency; whom the taxpayer cares for as the taxpayer's own child; and, who has the same principal place of abode as the taxpayer for the taxpayer's entire taxable year.

Neither Eric nor Cassandra was placed with petitioner by an authorized placement agency. Additionally, the record indicates that Cassandra did not have the same principal place of abode as petitioner for petitioner's entire taxable year. Petitioner is therefore not entitled to claim earned income credits for the children.

## 3. Head of Household Filing Status

Section 1(b) imposes a special tax rate on individuals filing as head of household. As relevant herein, section 2(b)

defines a "head of household" as an unmarried individual who maintains as her home a household that for more than one-half of the taxable year constitutes the principal place of abode of a person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for that dependent under section 151.

Respondent determined that petitioner is not entitled to section 151 dependency exemption deductions for Eric and Cassandra in 1999. The Court has sustained respondent's determination regarding the section 151 deductions. That holding is dispositive of this issue, and, as a result, the Court sustains respondent's determination that petitioner is not entitled to claim head of household filing status for 1999.

4. Child Tax Credit

For the taxable year 1999, taxpayers are allowed to claim a tax credit of $500 for each qualifying child. Sec. 24(a). The plain language of section 24 establishes a three-pronged test to determine whether a taxpayer has a qualifying child. If one of the qualifications is not met, the claimed child tax credit must be disallowed. The first element of the three-pronged test requires that a taxpayer must have been allowed a deduction for that child under section 151. Sec. 24(c)(1)(A).

As stated supra, the Court has sustained respondent's determination that petitioner is not entitled to dependency exemption deductions for the children. Thus, petitioner fails

the first prong of the test of section 24.  The Court sustains respondent's determination regarding the section 24 child tax credits.

5.  <u>Child Care Credit</u>

Section 21(a) generally provides for what is sometimes referred to as the child care credit.  The allowable credit generally is based upon employment-related expenses that are incurred to enable the taxpayer to be gainfully employed, including expenses incurred for the care of a qualifying individual.  Sec. 21(b)(2).  A "qualifying individual" must be someone for whom the taxpayer is entitled to a dependency deduction under section 151(c).  Sec. 21(b)(1).  Petitioner is not entitled to dependency exemptions for Eric and Cassandra, and, thus, she is not entitled to the child care credit. Respondent's determination on this issue is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.